IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA EDWARDS, Individually and on behalf of all others similarly situated<br><br>*Plaintiffs,*<br><br>v.<br><br>4JLJ, LLC d/b/a J4 OILFIELD SERVICES and JOHN JALUFKA<br>*Defendants.* | § § § § § § § § § § § | Civil Action No. 2:15-CV00299<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION FOR FINAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant 4JLJ, LLC d/b/a J4 Oilfield Services and Defendant John Jalufka ("Defendants") files this Motion for Final Summary Judgment, or in the alternative, Partial Summary Judgement (the "Motion") asking the Court to find, as a matter of law, that Plaintiffs fail to meet their burden to prove that they performed work for which they were not properly compensated, and that Plaintiffs must, as a matter of law, apply a credit to Defendants against statutory overtime compensation due, if any, and would respectfully show the Court the following:

**I.
INTRODUCTION AND SUMMARY OF ARGUMENT**

In a Fair Labor Standards Act ("FLSA") action, it is the plaintiff's burden to establish that he performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946). Critically, because "a separate cause of action for overtime compensation accrues at each regular payday," **Plaintiffs here must meet this burden with respect to each and every pay period**. *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041,

1050 (5th Cir. 1973) (quoting *Mitchell v. Lancaster Milk Co.*, 185 F. Supp. 66, 70 (M.D. Pa. 1960)) (emphasis added).[1]  Plaintiffs wholly fail to meet their burden as a matter of law. Accordingly, summary judgment is appropriate.

Plaintiffs were paid for every single hour they worked for Defendants, and they are unable to produce any evidence to the contrary.  Indeed, in their depositions, Plaintiffs testified that they are unable, even when looking through their own timesheets, to point to any day on which they worked hours for which Defendants failed to compensate them.  *See, e.g.*, *Excerpts from the Deposition of Humberto Morales*, at 38:23–39:13, attached hereto as **Exhibit A**; *Excerpts from the Deposition of Jose Rene Ramirez*, at 76:17–77:2, attached hereto as **Exhibit B**. Instead, the summary judgment evidence establishes that Plaintiffs filled out timesheets and recorded hours worked, signed those timesheets, turned them into their supervisors, and accepted payment for the hours they claimed they worked all without complaint or issue.  *See Excerpts from Plaintiffs' Timesheets*, attached hereto as **Exhibit C**.  A fact that courts in this jurisdiction have found instructive and, in some instances, dispositive.  *Newton v. City of Henderson*, 47 F.3d 746, 749 (5th Cir. 1995); *see also Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1326–27 (5th Cir. 1972).

Indeed, the only "evidence" Plaintiffs offer to establish the number of hours they purport to have worked while employed by Defendants is in the form of their declarations, submitted with their original Motion for Summary Judgment.  *See Declarations of Plaintiffs*, attached hereto as **Exhibit D**.  Those declarations, however, fail to establish the requisite violations per workweek as is required under the FLSA.  *See id.*  Indeed, ***even Plaintiffs ignore the hours they cite in their declarations when compiling their damages calculations***, and instead uniformly

---

[1]      *See also Judy Chou Chiung–Yu Wang v. Prudential Ins. Co. of Am.*, 439 Fed. App'x 359, 365 n.3 (5th Cir. 2011) (quoting *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir. 1987), *modified on unrelated grounds*, 826 F.2d 2 (5th Cir. 1987)).

assert that each and every Plaintiff worked a total of 110 hours each and every week they worked for Defendants. *See Excerpts from Plaintiffs' Second Supplemental Initial Disclosures Under Rule 26(a)(1), F.R.C.P.*, attached hereto as **Exhibit E** (calculating damages based on the premise that Plaintiffs worked seventy (70) hours of overtime each and every workweek, without reflecting the different hours cited by Plaintiffs in their declarations).

Importantly, **though it is undisputed that Defendants paid overtime for hours credited over forty (40) in a workweek**, **Plaintiffs fail in their damages calculations to give Defendants any credit whatsoever for any overtime Defendants paid**. *See Excerpts from Plaintiffs' Paycheck Stubs*, attached hereto as **Exhibit F**; *Exhibit E*. This is absolutely incorrect as a matter of law and, as a result, must be addressed at the summary judgment stage. Defendants in no way waive their argument that they paid their employees correctly and in accordance with the FLSA, but even assuming that everything Plaintiffs allege is true, as we must at the summary judgment stage, Plaintiffs inaccurately calculate damages in this case as a matter of law. Accordingly, Defendants request that the Court issue a ruling finding that Defendants are entitled to credits for overtime paid in weeks during which Plaintiffs did in fact work over forty (40) hours that given workweek, in accordance with applicable law. *See* 29 C.F.R. §§ 778.312(c), 778.313(b).

## II.
### ARGUMENT AND AUTHORITY

**A.**     ***Summary Judgment Standard.***

Summary judgment is proper in a case in which there is no genuine issue of material fact. Fed*.* R. Civ. P. 56(c); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009). The moving party bears only the initial responsibility of informing the district court of the basis for its motion and identifying those

portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To survive a motion for summary judgment, the non-movant must present evidence from which a jury might return a verdict in his favor, and mere allegations or denials will not defeat a well-supported motion for summary judgment. *Mire v. Texas Plumbing Supply Co.,* 286 Fed. App'x 138, 140 (5th Cir. 2008). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated inferences, and legalistic argumentation are not adequate substitutes for specific facts showing that there is a genuine issue for trial. *Douglas v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). The non-movant must present more than a mere scintilla of evidence to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). To carry this burden at summary judgment, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor." *Stevenson v. Vinson*, No. 9:09cv39, 2009 WL 5062068, at *3 (E.D. Tex. Dec. 15, 2009); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).

B.  *Plaintiffs Cannot Meet Their Burden with Respect to FLSA Liability.*

Plaintiffs are unable to establish that they performed any work for which they were not properly compensated, as is required under the FLSA. *Mt. Clemens Pottery Co.*, 328 U.S. at 686–87 ("An employee who brings suit under § 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated."). Furthermore, because "a separate cause of action for overtime compensation accrues at each regular payday," **Plaintiffs**

4

**must meet this burden with respect to each and every pay period**. *Hodgson*, 475 F.2d at 1050 (quoting *Mitchell*, 185 F. Supp. at 70) (emphasis added).[2]

In order to meet their burden, Plaintiffs "must produce enough 'evidence to show the amount and extent of [the] work [they claimed they performed] as a matter of just and reasonable inference.'" *Nieddu v. Lifetime Fitness, Inc.*, 38 F. Supp. 3d 849, 853 (S.D. Tex. 2014) (quoting *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005)). "[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Nieddu*, 38 F. Supp. 3d at 856. Only after Plaintiffs have made that showing, which they cannot do here, does the burden then shift "to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (quoting *Mt. Clemens Pottery Co.*, 328 U.S. at 687). Plaintiffs are unable to meet their burden as a matter of law. Accordingly, summary judgment is appropriate.

Plaintiffs were paid for every single hour they worked at 4JLJ, LLC, and they are unable to produce any evidence to the contrary. *See Exhibit F* (establishing that Plaintiffs were paid an hourly rate plus overtime during their employment with Defendants). Indeed, in their depositions, Plaintiffs testified that they cannot, even when looking through their own timesheets, point to any day on which they performed uncompensated work. *See, e.g., Exhibits A, B.*

For example, when asked about specific timesheets and whether they were accurate, Plaintiffs testified similarly to Morales who, when presented with a timesheet for which he had recorded eighteen (18) hours of work, stated that he could not recall whether he worked more or

---

[2] *See also Prudential Ins. Co. of Am.*, 439 Fed. App'x at 365 n.3 (quoting *Halferty*, 821 F.2d at 271).

less than eighteen (18) hours that day. *Exhibit A*, at 38:23–39:13; *Exhibit C*, at 7; *see also Excerpts from the Deposition of Michael Perez*, attached hereto as **Exhibit G**, at 109:12–24; 127:4–16 (stating that, when looking at specific time sheets, he did not know whether he worked more or less than the amount of time he recorded). Importantly, Jose Ramirez, similar to other Plaintiffs, testified that **he could not provide Defendants with the number of hours he thinks he was "shorted"** *for any single month* **that he worked for Defendants**. *Exhibit B*, at 76:17–77:2.

Instead, the summary judgment evidence establishes that Plaintiffs filled out timesheets and recorded hours worked, signed those timesheets, turned them into their supervisors, and accepted payment for the hours they claimed they worked all without complaint or issue. *See Exhibit C*. Crucially, the Fifth Circuit has held that where an employer requires employees to complete time sheets, the employer has no reason to investigate whether the employees are filling them out "truthfully," or accurately when there is no reason to suspect they are not. *Newton*, 47 F.3d at 749; *see also Brumbelow*, 462 F.2d at 1326–27 (affirming directed verdict and holding that where an employer requires an employee to record his hours and where the employer does not know or have reason to know that the employee's reporting is not accurate, the employee is estopped from claiming she worked more hours than she recorded in her time sheets and the employer is not liable for hours not recorded).

The only "evidence" Plaintiffs offer to establish the number of hours they purportedly worked is in the form of their declarations, submitted with their original Motion for Summary Judgment. *See Exhibit D*. The declarations state, identically, for six (6) of ten (10) of the representative plaintiffs, that each Plaintiff "often" worked "as many as 100 hours in a week." *Id.* at Declarations of Poff, Mares, Ramirez, Perez, at ¶12; Declaration of Banda, at ¶14;

Declaration of Garcia, at ¶5. Joshua Edwards, the named Plaintiff, claims he "often" worked "in excess of 110 hours per week," and Francisco Huerta Gutierrez and Humberto Morales both claim they worked "on average 125–130 hours in a week." *Id.* at Declaration of Edwards at ¶12; Declaration of Gutierrez, at ¶6; Morales, at ¶8.

Even assuming these statements are true, which Defendants are required to do for purposes of summary judgment, these statements absolutely fail to establish a reasonable basis for determining hours worked for each and every workweek and/or pay period as is required under the law. *See Hodgson*, 475 F.2d at 1050 (quoting *Mitchell*, 185 F. Supp. at 70). Indeed, ***even Plaintiffs ignore these "statistics" in compiling their damages calculations***, and instead uniformly assert that each and every Plaintiff worked a total of 110 hours each and every week they worked for Defendants. *See Exhibit E* (calculating damages based on the premise that Plaintiffs worked seventy (70) hours of overtime each and every week they worked for Defendants). This lack of specificity and detail absolutely does not rise to the level required and Plaintiffs fail, as a result, to establish liability as a matter of law. *See Nieddu*, 38 F. Supp. 3d at 853 (holding that plaintiffs "must produce enough 'evidence to show the amount and extent of [the] work [they claimed they performed] as a matter of just and reasonable inference'" (quoting *Harvill*, 433 F.3d at 441)).

C. ***Calculation of Damages, If Any, Against Defendants, Must Credit Defendants for Overtime Where Defendants Paid Overtime for Actual Hours Worked Over Forty in a Workweek.***

In filing this Motion, Defendants in no way admit that Plaintiffs have established the merits of their claims. Rather, because Plaintiffs clearly intend to calculate damages incorrectly if they are victorious in this case, summary judgment is appropriate with respect to the calculation of damages. Specifically, the Code of Federal Regulations contemplates situations like those alleged by Plaintiffs in which an employee is alleged to have been compensated on a task basis.

*See* 29 C.F.R. § 778.312–.314. Assuming Plaintiffs claims related to a "task basis" compensation scheme is true, as Defendants are required to do at the summary judgment stage, Plaintiffs damages calculations are invalid as a matter of law.

Plaintiffs' damages calculations claim, as discussed above, that every Plaintiff worked seventy (70) hours of overtime every single week that they worked for Defendants. *See Exhibit E*. What Plaintiffs fail to include in their calculation, however, is any credit whatsoever for overtime paid in a week in which any plaintiff actually worked over forty (40) hours—despite that the regulations very clearly require such a credit be applied. 29 C.F.R. §§ 778.312 (c), 778.313(b).

Specifically, Section 778.312(c) states that "where the pay of an employee on a given day is actually controlled by the established hourly rate . . . and he is paid at one and one-half times the established rate for hours in excess of 8 hours actually worked, **the premium rate paid on that day will qualify as an overtime premium**." 29 C.F.R. § 778.312(c) (emphasis added). Furthermore, Section 778.313(b), clearly provides an illustration that again allows for the premium amount paid to an employee, even under a task based compensation system, to be credited as overtime paid. Yet, despite that Plaintiffs like Michael Perez and Francisco Gutierrez testified that there were at least some instances where the hours they wrote down were the actual hours that they worked—Plaintiffs fail to credit Defendants with any overtime paid whatsoever. *See Exhibit G*, at 108:20–109:11; *Excerpts from the Deposition of Francisco Gutierrez*, attached hereto as *Exhibit H*, at 118:19–119:3; 165:2–7 (testifying that there was *at least* a two (2) to four (4) month period during his employment where his time records accurately reflect the number of hours he worked); *Exhibit E*. This method of compensation is inaccurate as a matter of law. Consequently, this Court should grant Defendants' Motion and find that Plaintiffs, as a matter of

law, must credit Defendants for overtime premiums paid in any workweek in which the Plaintiffs were paid overtime for actual hours worked in excess of forty (40).

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that their Motion for Final Summary Judgment, or in the alternative, Partial Summary Judgment be in all respects granted and that Defendants be granted all other relief to which they may show themselves to be entitled.

DATE:  July 11, 2016

Respectfully Submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Daniel D. Pipitone*
    **Daniel D. Pipitone**
    Texas Bar No. 16024600
    S.D. Texas Bar No. 294
    700 Milam Street, Suite 2700
    Houston, Texas 77002
    Tel:  713-222-4060
    Fax:  713-222-5813
    dpipitone@munsch.com
**ATTORNEY IN CHARGE FOR DEFENDANT**

**OF COUNSEL:**
**Munsch Hart Kopf & Harr**
700 Milam Street, Suite 2700
Houston, Texas 77002
**Michael A. Harvey**
Texas Bar No. 24058352
S.D. Texas Bar No. 917759
Tel: (713) 222-4015
Fax: (713) 222-5835
mharvey@munsch.com
**Brenna L. Hill**
Texas Bar No. 24092514
S.D. Texas Bar No. 2478480
Tel:  (713) 222-4068

Fax: (713) 222-5835
bhill@munsch.com
700 Milam Street, Suite 2700
Houston, Texas 77002

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to counsel of record by means of ECF this 11th day of July, 2016:

James Moulton
MOULTON & PRICE, P.C.
109 SH 110 South
Whitehouse, Texas 75791
**ATTORNEY FOR PLAINTIFFS**

*/s/ Michael A. Harvey*
Michael A. Harvey

MHDocs 7037400_2 16239.2