IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JOSHUA EDWARDS,** *et al* | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-00299 |
| | § | JURY DEMANDED |
| | § | |
| **4JLJ, LLC d/b/a J4 OILFIELD** | § | |
| **SERVICES,** *et al* | § | |
| | § | |
| **Defendants** | § | |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO
DEFENDANTS' MOTION FOR FINAL SUMMARY JUDGMENT, OR IN THE
ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

NOW COMES Plaintiff Joshua Edwards, *et al* (hereinafter "Plaintiffs") and file this their Brief in Opposition to Defendants' Motion to Strike in Part Plaintiffs' Amended Motion for Summary Judgment, In the Alternative, Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint (hereinafter referred to as "Defendants' Motion"), and respectfully state as follows:

**I. INTRODUCTION AND SUMMARY OF ARGUMENT**

In their Reply, Defendants abandon as lost causes their arguments that Plaintiffs must prove a violation for each and every pay period, that Plaintiffs have been paid for each and every hour worked, and that the Plaintiffs are estopped from arguing the accuracy of the time sheets since the Plaintiffs signed the admittedly inaccurate time sheets when they submitted them for payment. See Reply, Dkt. 108. The only issues touched on by Defendants' Reply is Defendants' argument that

Plaintiffs have not sufficiently proven their damages, and Defendants' argument that Defendants are entitled to a credit for overtime payments already made.

Recent case law from the Texas Northern District provides guidance in this case, and firmly establishes that Defendants' arguments are without merit.

## II. ARGUMENT AND AUTHORITY

In a very recent and remarkably similar FLSA case involving a frac transportation company, the defendants had paid some of its employees on a per load basis, and others on an hourly basis. *Olibas v. Native Oilfield Servs.*, LLC, 104 F. Supp. 3d 791, 795 (N.D. Tex. 2015). The defendants failed to pay any wages for wait time, and did not keep records of actual hours worked. Id. Subsequent to trial, the defendants argued that the plaintiffs had failed to provide sufficient evidence of damages as a matter of law, and therefore the plaintiffs were not entitled to an award of damages. Id. at 795-800. Id. In rejecting the defendants' arguments, the court ruled as follows:

> In opposing Plaintiffs' request, Defendants argue that Plaintiffs have failed to meet their "burden of providing competent, affirmative evidence of [their] damages." Def,'s Resp. 5. According to Defendants, the testimony presented at trial is simply "not sufficient to support Plaintiffs' damages calculations." Id. As such, Defendants ask the Court to altogether deny Plaintiffs damages for failure to satisfy their burden of proof. See id. at 5-9.
>
> As Defendants concede, however, the evidence presented at trial undisputedly shows that they failed to maintain adequate payroll records. Had Defendants lived up to their record keeping obligations—mandated by federal law, see 29 U.S.C. § 211(c)—Plaintiffs could have "easily discharge[d] [their] burden by securing the production of those records." *Mt. Clemens Pottery*, 328 U.S. at 687. Under such circumstances, the proper course of action "is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work," as Defendants suggest. Id. Rather, the Supreme Court in *Mt. Clemens Pottery* instructed lower courts faced with such circumstances to apply the following burden-shifting analysis:
>
> [A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from

the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

. . .

. . . **by focusing entirely on Plaintiffs' supposed failure to satisfy their burden of proving damages, without attacking the reasonableness of the $15 per hour estimate in any way, Defendants reveal that their only real complaint here is the lack of precision in Plaintiffs' approximation. But as the Supreme Court has made clear, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with" his legal obligations.** *Mt. Clemens Pottery*, 328 U.S. at 688. Like in *Mt. Clemens Pottery*, it is assumed here that Plaintiffs have "proved that [they have] performed work and ha[ve] not been paid in accordance with the statute. The damage is therefore certain. The uncertainty lies only in the amount of damages arising from the statutory violation by the employer." Id. In such cases, just because "'damages cannot be ascertained by a fixed rule and must be based upon estimates and opinion, it does not follow that no damages should be allowed.'" *Mitchell v. Mitchell Truck Line, Inc.*, 286 F.2d 721, 726 (5th Cir. 1961) (quoting *Robey v. Sun Record Co.*, 242 F.2d 684, 689-90 (5th Cir. 1957)). Instead, "[i]t is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages." *Mt. Clemens Pottery, 328 U.S.* at 688. Put differently, federal courts "have 'in effect ordered the fact finder to do the best he could in assessing damages'" in these types of cases. *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (quoting *Mitchell v. Riley*, 296 F.2d 614, 616 (5th Cir. 1961)).

Id. at 800-804 (emphasis added).

Just as in the *Olibas* case, it is undisputed that Defendants failed to keep accurate records of actual hours worked. See testimony of John Jalufka quoted in Plaintiffs Motion to Strike, Dkt. 109. By focusing entirely upon Plaintiffs' supposed failure to satisfy their burden of proving damages, without attacking the reasonableness of the hours Plaintiffs claimed to have worked, the Defendants reveal that their only real complaint is the lack of precision in Plaintiffs' approximation. Since Defendants failed to keep accurate records as required by federal law, they cannot now be heard to complain that the claimed damages lack the exactness and precision that could have easily been attained had Defendants kept accurate records.

With regards to Defendants argument that the pay stubs reflect that Plaintiffs have already been paid for the hours Plaintiffs are claiming, and that Defendants are therefore entitled to a credit, Defendants once again completely miss the point. By their own admissions, the pay stubs do not reflect actual hours worked. See testimony of John Jalufka quoted in Plaintiffs Motion to Strike, Dkt. 109. Since the Plaintiffs were paid on a per job basis, in addition to an hourly basis when working at the shop, there is no means of calculating either a regular rate of pay, an overtime premium, or the credit Defendants are wanting to apply, since the hours reflected on the pay stubs are inaccurate. In calculating the regular rate of pay based on the hours reflected on the pay stubs, the denominator in the equation is inaccurate, and thus the resulting regular rate cannot be relied upon.

The *Olibas* court also addressed the issue of when an employer does not keep records of actual hours worked and pays employees on both a per job bases and on an hourly basis. The court stated as follows:

> Typically, courts "apply the standard . . . one and one-half times the regular rate of pay multiplier found in the FLSA" in awarding unpaid overtime compensation. This standard overtime premium is appropriate, for example, when employees are paid on an hourly basis. But there are times when the overtime premium "multiplier of only one-half [times] the regular rate of pay" should be applied instead." **For example, when "the employee is paid a flat sum . . . for doing a particular job, without regard to the number of hours worked . . . at the job, and if he receives no other form of compensation for services," the DOL regulations indicate that the employee "is then entitled to extra half-time pay at [his regular rate] for all hours worked in excess of 40 in the workweek." This so-called "job-rate" method of calculating overtime pay is premised on the idea that, since the employment agreement intends to compensate the employee at a flat rate for all hours worked—both overtime hours and hours below forty—employees claiming unpaid overtime under this model need only be compensated the "extra half-time pay" that their flat rate failed to cover.**
>
> In this case, the evidence suggests that the Driver Plaintiffs were paid under two different payment structures, yielding two potential overtime premium multipliers. Most Driver Plaintiffs were paid an hourly rate, without any compensation for their off-the-clock overtime hours. Others were, alternatively, paid, for all or portions of their dates of employment, at a

rate analogous to the job-rate method—on a per-load basis—without any overtime compensation. As the parties agree, the standard 1.5 multiplier is the appropriate overtime premium to apply in calculating back-pay for Driver Plaintiffs paid under the first method (hourly), while the .5 multiplier is seemingly applicable to those paid under the second payment model (per load).

*Olibas* 104 F. Supp. 3d at 804-805 (citations omitted). As has been repeatedly pointed out by Plaintiffs, since Defendants paid on a per job basis, and did not keep track of actual hours worked, the only way of calculating damages in this case is to take total compensation received and dividing the total compensation by estimated actual hours worked, to calculate the regular rate of pay, as explained by the *Olibas* court. (Note that since Defendants are now claiming to have paid employees based on actual hours worked (see Dkt. 89-1 pg. 18), there are two potential overtime premium multipliers in this case.)

Unquestionably, damages are owed in this case. Defendants have failed to question the reasonableness of the Plaintiffs' estimates, but have rather chosen to attack inconsistencies of Plaintiffs' testimony. Accordingly, the estimates provided by Plaintiffs are sufficient to meet their burden.

## IV. CONCLUSION

There is no question of fact that Defendants violated the FLSA, as Defendants' own witnesses have testified that Defendants failed to pay Plaintiffs based on actual hours worked, and failed to follow even the most basic requirements of the FLSA. Defendants chose to pay their employees in violation of the FLSA, and did so at their own peril. They cannot now be heard to say that the punishment for the crime is too harsh. Accordingly, Defendants' Motion for Final Summary Judgment, or in the Alternative, Partial Summary Judgment should be denied in its entirety.

**DATED** this 6ʰ day of September, 2016.

                                  Respectfully submitted,

                                  _____
                                  James Moulton
                                  State Bar No. 24007712
                                  Moulton & Price, P.C.
                                  109 SH 110 South
                                  Whitehouse, Texas 75791
                                  Jim@moultonprice.com
                                  Ph:  903-871-3163
                                  Fax: 903-705-6860
                                  *ATTORNEY FOR PLAINTIFFS*

## **CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing is being served on counsel for Defendants on the 6ᵗʰ day of September, 2016.

                                  _____
                                  James Moulton