Case 2:15-cv-00299   Document 142   Filed in TXSD on 01/04/17   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 04, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA EDWARDS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-299 |
| | § | |
| 4JLJ, LLC; dba J4 OILFIELD SERVICES, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Pending before the Court are Plaintiffs' Amended Motion for Summary Judgment (D.E. 73), Defendants' Motion for Final Summary Judgment, or in the Alternative, Partial Summary Judgment (D.E. 83), Defendants' Motion to Strike in Part Plaintiffs' Amended Motion for Summary Judgment (D.E. 90), and Plaintiffs' Motion to Strike Portions of John Jalufka's Declaration (D.E. 109). On November 1, 2016, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R, D.E. 119), recommending that all the motions be denied. Plaintiffs and Defendants have timely filed their objections to the M&R (D.E. 120, 121). For the reasons set forth below, Plaintiff's objections are overruled. And because the Court denies Defendants' motion to strike as moot, the Court does not address Defendants' objection.

# DISCUSSION

## 1. Plaintiffs' Objections

Plaintiffs have filed three objections. The first two are premised on the argument that the Magistrate Judge erred in holding that a genuine dispute of fact exists as to

whether Defendants kept accurate records of employee work hours. D.E. 120, p. 2. In their first objection, Plaintiffs argue that because on multiple occasions Plaintiffs were credited more than 24 hours of work in a single day and more than 168 hours in a single workweek,[1] Defendants' time sheets are inaccurate as a matter of law. D.E. 120, p. 3. In their second objection, Plaintiffs argue that Defendants' failure to keep accurate time sheets entitles Plaintiffs to summary judgment on their FLSA overtime claims. *Id.*

The FLSA and the regulations promulgated pursuant to the FLSA require employers to keep records of, among other things, wages and hours worked. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a)(6)-(7). The Supreme Court has held that when a defendant-employer fails to keep accurate records, plaintiff-employees may recover unpaid wages by proving that they "in fact performed work for which [they were] improperly compensated and . . . [and by] produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Thus, when an employer does not keep adequate time records, a plaintiff may satisfy his burden by showing an approximation of his work hours. *Id.* at 688. If the plaintiff meets this burden, the burden then shifts to the employer to produce evidence of the exact amount of work performed or to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id.* at 687-88.

---

[1] Plaintiffs have asked the Court to take judicial notice of the fact that there are 24 hours in a day and 168 hours in a week.

Plaintiffs assert that, because Defendants kept inadequate records, it is impossible to determine the amount of hours worked and the proper rate of pay. D.E. 120, p. 4. Plaintiffs have, therefore, provided estimates of their hours and state that those estimates contradict Defendants' time sheets. D.E. 101-3, 101-4, 101-5, 101-6, 101-7. But, as noted by the Magistrate Judge, Defendants have provided evidence attacking the reasonableness of Plaintiffs' estimates and suggesting that at least some of Defendants' time sheets accurately reflect hours worked and wages paid.[2] Such conflicting evidence requires factual determinations that preclude summary judgment.

Plaintiffs argue that failure to keep accurate records in accordance with the FLSA is a violation of the FLSA, and that a single instance of failing to keep accurate records is sufficient to entitle Plaintiffs to relief. D.E. 120, p. 3. ("[T]he question is not whether Defendants may have complied with the law on rare occasions, but rather, did Defendants *ever* fail to keep accurate records *at any point in time* during the relevant time period."); *see also* D.E. 105, p. 3 ("Since Defendants did not keep records of actual hours worked, then FLSA liability is a foregone conclusion.").

The FLSA's recordkeeping requirement does not create a private right of action.[3] Only the Secretary of Labor has standing to enforce the FLSA's record keeping

---

[2] Defendants cite to multiple depositions in which Plaintiffs Humberto Morales, Michael Perez, and Jose Ramirez testify that they do not know how many hours were uncompensated or which time sheets are inaccurate. D.E. 83-2, p. 3; D.E. 83-3, pp. 3-4; D.E. 83-8, pp. 3-5. Defendants also cite the testimony of Plaintiff Juan Mares in which he testifies that his time sheets accurately reflect the hours he worked. D.E. 92-1, p. 49.

[3] *O'Quinn v. Chambers Cnty.*, 636 F. Supp. 1388, 1392 (S.D. Tex. 1986), *modified on other grounds*, 650 F. Supp. 25 (S.D. Tex. 1986); *Rodriguez v. Canada Dry Bottling Co.*, No. 14-6897 (KSH)(CLW), 2015 WL 5770502, at *4 (D.N.J. Sept. 30, 2015); *Letrich v. Ariz. Wholesale Cleaners, LLC*, No. CV-13-01639-PHX-BSB, 2015 WL 12669892, at *2 (D. Ariz. Aug. 13, 2015); *Buck v. Lindsey Mgmt. Co.*, No. 4:13-CV-000676-KGB, 2014 WL 3446779, at *5 (E.D. Ark. July 14, 2014); *Farmer v. DirectSat USA, LLC*, No 08 C 3962, 2010 WL 3927640, at *12

requirements.  The case Plaintiffs cite in support of their argument involved an action by the Secretary of Labor seeking injunctive relief prohibiting the defendant from violating the minimum wage, overtime compensation, and record keeping provisions of the FLSA. *See Wirtz v. Williams*, 369 F.2d 783, 785 (5th Cir. 1966).

Proving violations of the FLSA's recordkeeping requirements does not entitle Plaintiffs to summary judgment on their overtime claim.  Plaintiffs are required to prove that they worked more than forty hours a week and were not properly compensated for such work.  As properly noted by the Magistrate Judge, there is conflicting evidence with respect to how many hours Plaintiffs worked and how many of those hours went uncompensated.  To prevail at the summary judgment stage, it is insufficient to produce some evidence of this element; Plaintiffs are required to show that there is no genuine dispute of material fact and that they are entitled to a judgment as a matter of law.  Fed. R. Civ. P 56(a).  Plaintiffs failed to meet their summary judgment burden.  Accordingly, Plaintiffs' first two objections are OVERRULED.

Plaintiffs' third objection is to the Magistrate Judge's conclusion that a genuine dispute of fact exists with respect to whether Plaintiffs were properly compensated. Plaintiffs argue that this conclusion is erroneous because "the proper determination of the regular rate of pay and overtime premium to which an employee is entitled is a question of law to be determined by the court."  *See* D.E. 120, p. 4 (*quoting Olibas v. Barclay*, 838

---

(N.D. Ill. Oct. 4, 2010); *Schneider v. Landvest Corp.*, No. 03 CV 02474 WYD PAC, 2006 WL 322590, at *23 n. 5 (D. Colo. Feb. 9, 2006); *East v. Bullock's Inc.*, 34 F. Supp. 2d 1176, 1182 (D. Ariz. 1998); *see also Castillo v. Givens*, 704 F.2d 181, 198 n. 41 (5th Cir. 1983) (comparing the FLSA record keeping requirement, which "contains no private enforcement mechanism," to the Farm Labor Contractor Registration Act, which creates a statutory penalty for failing to keep records) (*quoting* Richards S. Fischer, *A Defense of the Farm Labor Contractor Registration Act*, 59 Tex. L. Rev. 531, 537 n. 61 (1981)).

F.3d 442, 451 (5th Cir. 2016)).  Plaintiffs correctly state the law; however, "the fact finder determines whether employees are due unpaid overtime and, if so, the number of unpaid hours worked." *Id.*  A court cannot determine the proper rate of pay without first determining the amount of hours worked.  *See Williams*, 369 F.2d at 785.  As noted above, and in the M&R, factual disputes exist with regard to the amount of hours worked and whether Defendants owe Plaintiffs for unpaid overtime.  The Court cannot determine the regular rate of pay until those factual disputes are resolved.  Accordingly, Plaintiffs' third objection is OVERRULED.

   2. **Defendants' Objection**

Defendants' only objection is to the Magistrate Judge's denial of their motion to strike portions of Plaintiff's amended motion for summary judgment (D.E. 90) related to Plaintiffs' argument that that their regular rate of pay calculation should include per diem payments, bonus payments, and discretionary credit hours. Defendants assert that Plaintiffs are improperly attempting to add new claims because claims regarding per diem payments, bonus payments, and discretionary credit were not alleged in Plaintiffs' complaint.  Thus any reference to these new claims should be stricken.

Because the Court has denied Plaintiffs' amended motion for summary judgment, the Court finds that Defendants' motion to strike portions thereof is moot.  Accordingly, Defendants' motion to strike is DENIED as moot and the Court modifies the M&R in this regard.  The Court thus finds that it is not necessary to address Defendant's objection to that part of the M&R at page 1, footnote 2, which recommends holding that Plaintiffs

have adequately pled their claims regarding per diem, bonuses, and discretionary credit hours.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiffs' and Defendants' objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court OVERRULES Plaintiffs' objections and ADOPTS as its own the findings and conclusions of the Magistrate Judge with the exception of the recommendation regarding Defendants' motion to strike (D.E. 90). The Court finds that the motion to strike is moot, modifies the M&R in this regard, and does not address Defendants' objection. Accordingly, Plaintiffs' Amended Motion for Summary Judgment (D.E. 73) is DENIED; Defendants' Motion for Summary Judgment (D.E. 83) is DENIED; Plaintiffs' Motion to Strike Portions of John Jalufka's Declaration (D.E. 109) is DENIED; and Defendants' Motion to Strike in Part Plaintiffs' Amended Motion for Summary Judgment (D.E. 90) is DENIED as moot.

ORDERED this 4th day of January, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE