UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSHUA EDWARDS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-299 |
| § | |
| 4JLJ, LLC; dba J4 OILFIELD SERVICES, § | |
| *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON REQUEST FOR BILL OF COSTS

On April 10, 2019, Defendants filed their proposed bill of costs (D.E. 333), seeking a total of $72,434.95 in taxable costs. On April 23, 2019, before the expiration of the 14-day notice period when the Clerk was to issue the bill of costs, Plaintiffs filed their objections (D.E. 334). Fed. R. Civ. P. 54(d)(1). Therefore, taxing of the bill of costs is now a matter for the Court. By separate Order (D.E. 339), the Court deemed Plaintiffs' objections timely filed and Defendants' objection on that basis in their reply (D.E. 335) is OVERRULED. For the reasons set out below, the Court awards $14,920.98 to Defendants as costs against Plaintiffs.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 54(d), costs other than attorney's fees should be granted to the prevailing party. Rule 54 affords the court discretion to award taxable costs according to the circumstances of the case and 28 U.S.C. § 1920 defines which costs are taxable. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987). The statute states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The court does not have discretion to tax expenses that are omitted from § 1920. *Crawford Fitting*, 482 U.S. at 441; *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).

The party who seeks to recover costs has the burden of showing the necessity and reasonableness of the costs requested. *Faculty Rights Coal. v. Shahrokhi*, No. Civ.A. H-04-2127, 2005 WL 1924192, at *1 (S.D. Tex. Aug. 10, 2005). A district court has wide discretion to determine whether the prevailing party is entitled to an award of costs for claimed expenses in a particular case. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998); *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, No. Civ.A. H-01-4242 (S.D. Tex. Mar. 22, 2006).

Such costs may be denied in unusual cases, such as those where there are offsetting victories, where the losing party fought valiantly in a close case in the public

interest, or where the prevailing party's litigation tactics were abusive or vexatious. *Sheets v. Yamaha Corp.*, 891 F.2d 533, 539 (5th Cir. 1990) (addressing hardball tactics and taxing costs *against* the prevailing party); *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) (improper litigation conduct warrants a denial of costs to a prevailing party); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696 (E.D. La. 2009) (addressing the "equitable" taxation of costs where both parties enjoyed some substantive victories); *Rose v. East Texas Medical Center Regional Healthcare System*, No. 2:05 CV 216, 2008 WL 4755609 (E.D. Tex. Oct. 28, 2008) (addressing a public interest victory in a case lost on its merits). The court may also consider the losing party's limited financial resources and good faith prosecution of its action, although neither of those factors alone is sufficient to deny all costs. *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018); *Pacheco v. Mineta*, 448 F.3d 783, 794-95 (5th Cir. 2006).

In addition to weighing these equitable issues, a court has "great latitude" or "wide discretion" to make fact determinations regarding whether specific costs that fall within the § 1920 definitions were reasonable and necessary for use in the case. *Crawford Fitting*, 482 U.S. at 441–43; *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). A court is required to give "careful scrutiny" to the costs submitted by the prevailing party. *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235 (1964). Whether costs are denied in their entirety or reduced, the court is required to fully articulate its reasoning. *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216–17 (5th Cir. 1991).

## DISCUSSION

### A. Sanctioned Conduct and Competing Equities

The Court has previously awarded monetary sanctions in favor of Plaintiffs and against Defendants for discovery abuse in this case. The Court incorporates the factual discussion and legal analysis of its prior orders without repetition here. *See* D.E. 269, 330. Defendants suggest that having previously ordered sanctions, this Court is precluded from denying any of Defendants' claimed costs on the basis of their discovery abuse or litigation tactics. D.E. 335, pp. 3-4. Defendants cite no authorities to that effect and their argument would unnecessarily restrict this Court's ability to fully review all of the issues relevant to a claim for costs, as briefed above, and ensure that its sanctions are effective and not unduly offset by Defendants' costs. *See generally*, 28 U.S.C. § 1651.

Plaintiffs have demonstrated that their claims were brought in good faith, producing substantial evidence that their employer(s) did not enforce appropriate time-keeping and paid bonuses that should arguably have been included in the regular rate, thus rendering any overtime payments insufficient. There were numerous issues briefed and issues regarding the burden of proof on the Technical Corrections Act (TCA) exemption were only settled by the Fifth Circuit during the pendency of this case. Furthermore, Defendants significantly delayed discovery of the FleetMatics data which was rendered difficult to interpret because of Defendants' sanctioned conduct.

Additionally, Plaintiff Joshua Edwards is an ordinary worker. While Plaintiffs state that he is a disabled veteran recently diagnosed with a brain tumor, Plaintiffs did not submit any evidence to that effect. Still, it is clear that he sued on basic wage and hour

and overtime claims and was subjected to a litigation process that greatly increased the time, energy, and resources that had to be expended to see it to its conclusion.

B. Depositions

Defendants seek $12,298.38 for deposition transcripts and videotapes of six Plaintiffs and three of Defendants' employees. The prevailing party may recover the costs of deposition transcripts where they were necessarily obtained for use in the case and not merely for the convenience of the attorneys. *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. 1981). "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *Fogleman*, 920 F.2d at 285.

**Written Transcripts**. Michael Harvey's (Harvey) affidavit (D.E 333-2) indicates that Defendants routinely ordered an original and one copy of the transcribed testimony of adverse witnesses at the conclusion of each deposition. He stated that deposition transcripts were used extensively in pretrial motion practice and at trial.

The Court will award costs for copies of the depositions of Defendants' employees, totaling $861.68. The Court will also award costs for the original and one copy of the depositions of the six Plaintiffs which total $7,147.70.

**Videotaped Depositions**. Harvey testified that Defendants ordered videotaping of each Plaintiff's deposition routinely, due to uncertainty as to which Plaintiffs would testify live at trial. Some courts, in their discretion, decline to tax the cost of a video unless the video is actually used at trial. *E.g., Structural Metals, Inc. v. S & C Electric Co.*, 2013 WL 3790450, at *4 (W.D. Tex. July 19, 2013). Courts in this district have

often awarded deposition costs for a written transcript and video recording when considered appropriate trial preparation under the unique circumstances of the particular case. *See, e.g., McCaig v. Wells Fargo Bank (Texas), N.A.*, 2014 WL 360546, at *5 (S.D.Tex. Feb.3, 2014) (allowing costs for both video recordings and written transcripts of depositions of witnesses who were "key to the liability issues" in the case).[1]

The Court awards the video costs for the Plaintiffs' depositions. The evidence indicates the following: Steven Poff ($1,210.00), Francisco Gutierrez ($1,040.00), Israel Banda ($855.00), and Humberto Morales ($1,190.00), totaling $4,295.00.

**C. Hearing and Trial Transcripts**

Defendants seek $7,814.80 for transcripts from the proceedings in this case and in another similar case tried by this Court, *Ferrara v. 4JLJ, LLC*, No. 2:15-cv-182. Plaintiffs object because Defendants have not demonstrated that the transcripts were necessary for use in this case or that any expedited charges were warranted. They also object to the purchase of transcripts from the *Ferrara* trial because Defendants have failed to identify any authority for taxing such materials as costs of the case and have not demonstrated that they could constitute admissible evidence.

As with other expenses, in order to award costs for trial transcripts, the Court must find that they were necessarily obtained for use in the case and not primarily for the

---

[1] *See also*, *Petri v. Kestrel Oil & Gas Props.*, 2013 WL 265973, at *4–5, *8 (S.D. Tex. Jan.17, 2013) (awarding costs for both video recordings and written transcripts of depositions where "Defendants might reasonably need ... [to play] parts of the video version at trial" and "[t]he videotape might reasonably be useful to address a witness' credibility or to impeach at trial"); *Faery v. Weigand–Omega Mgmt., Inc*., 2012 WL 3886422, at *2 (S.D. Tex. Sept. 6, 2012) (awarding costs for both video recordings and written transcripts of depositions); *Baisden v. I'm Ready Prods., Inc*., 793 F. Supp. 2d 970, 977–78 (S.D. Tex. 2011), *aff'd on other grounds*, 693 F.3d 491 (5th Cir. 2012) (awarding costs for both video recordings and written transcripts of depositions where: (1) defendants displayed portions of video depositions on several occasions during trial; and (2) video recordings of depositions were for witnesses whose live attendance at trial was uncertain or witnesses whose credibility was sharply disputed).

convenience of the attorneys. *Sealey v. EmCare, Inc.,* No. 2:11-CV-120, 2013 WL 3772470, at *5 (S.D. Tex. July 15, 2013). Generally, counsel can rely on their note-taking and memories, particularly where the proceedings are relatively short and the prevailing party is represented by a large team of attorneys and support staff. *See United States ex. rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 451 (W.D. Tex. 2010).

While Defendants claim that trial transcripts were used to respond efficiently to post-trial motions, this assertion is insufficient because: (1) it is conclusory; (2) it equates efficiency with necessary use; (3) it does not address a specific need for the transcribed testimony; and (4) it seeks to justify transcription of the entire trial for use in responding to a few motions. Limited areas of questioning were referenced in those motion proceedings and Defendants do not contend that they needed the transcription of the entire trial for that purpose. Having failed to segregate what portion was actually used for the post-trial motions and that they were necessary, the Court has no factual basis for finding that any particular amount of expense was necessary in that regard.

With respect to the hearing transcripts, counsel's affidavit recites that in addition to use during unspecified pre- and post-trial motions, "[T]he hearing transcripts were necessarily ordered to ensure strict compliance with the Court's orders made on the record." D.E. 333-2, p. 3. The Court SUSTAINS Plaintiffs' objections to the costs of hearing transcripts because Defendants have failed to articulate a credible need for them or that the *Ferrara* proceedings can be taxed in this case or that they were used in any way and would have been admissible. To the extent that Defendants justify the need for

convenience of the attorneys. *Sealey v. EmCare, Inc.,* No. 2:11-CV-120, 2013 WL 3772470, at *5 (S.D. Tex. July 15, 2013). Generally, counsel can rely on their note-taking and memories, particularly where the proceedings are relatively short and the prevailing party is represented by a large team of attorneys and support staff. *See United States ex. rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 451 (W.D. Tex. 2010).

While Defendants claim that trial transcripts were used to respond efficiently to post-trial motions, this assertion is insufficient because: (1) it is conclusory; (2) it equates efficiency with necessary use; (3) it does not address a specific need for the transcribed testimony; and (4) it seeks to justify transcription of the entire trial for use in responding to a few motions. Limited areas of questioning were referenced in those motion proceedings and Defendants do not contend that they needed the transcription of the entire trial for that purpose. Having failed to segregate what portion was actually used for the post-trial motions and that they were necessary, the Court has no factual basis for finding that any particular amount of expense was necessary in that regard.

With respect to the hearing transcripts, counsel's affidavit recites that in addition to use during unspecified pre- and post-trial motions, "[T]he hearing transcripts were necessarily ordered to ensure strict compliance with the Court's orders made on the record." D.E. 333-2, p. 3. The Court SUSTAINS Plaintiffs' objections to the costs of hearing transcripts because Defendants have failed to articulate a credible need for them or that the *Ferrara* proceedings can be taxed in this case or that they were used in any way and would have been admissible. To the extent that Defendants justify the need for

transcripts in the event of an appeal, that is a separate matter that may be considered by the appellate court at the conclusion of any appeal.

### D. Printing and Copying

Defendants seek $26,150.52 in copying costs. In their reply, they agree to withdraw their request for a $2,234.76 processing fee and $9,000.00 for retrieving FleetMatics records. Remaining is the sum of $14,915.76 for all documents associated with different phases of pre-trial and trial preparation. Defendants admit that there was an increase in these expenses because of the continuances of trial. Several of such continuances were caused by Defendants' failure to produce FleetMatics data in a timely manner. Additionally, a blanket request for copy costs would necessarily include copies of FleetMatics data that was produced in reams of pages that were in a functionally useless format.

The Court will not tax costs caused by Defendants' sanctionable conduct. It would be counterproductive to award Plaintiffs their costs for these expenses as sanctions against Defendants and then award Defendants the same sort of costs against Plaintiffs. And Defendants have not segregated the photocopy expenses that would have been necessary in any event from those incurred because of the continuances or sanctionable conduct.

Defendants note that their case preparation involved multiple attorneys, paralegals and assistants. Yet they have not averred that the costs they have submitted exclude extra costs that are ordinarily incurred for the convenience of the composition of such a trial team. Copies of pleadings, witness files, and discovery files are part of the standard

conveniences of attorneys in preparation of the case and are not automatically necessary for use as taxable in favor of the prevailing party.

While exhibit notebooks presented for use by witnesses and the Court might be properly taxable, Defendants have not segregated these costs from the others and the Court will not speculate as to what the expense was. "Without providing a description of the documents that were copied, the Court is unable to evaluate the necessity of the costs." *Montgomery Cty. v. Microvote Corp.*, No. 97-6331, 2004 WL 1087196, *7-8 (E.D. Pa. May 13, 2004). Some specificity in describing the documents copied and their purpose in the litigation is necessary for taxing them as costs to the opposing party. *Crevier-Gerukos v. Eisai, Inc.*, No. CIV.A. H-11-0434, 2014 WL 108730, at *6 (S.D. Tex. Jan. 9, 2014). Given that a large amount of the total copy costs incurred for this case would have been related to the failure to promptly produce FleetMatics data in usable form, the Court would require that those costs be separated, identified, and excluded. Without Defendants having done that, the Court FINDS that as presented, the copy costs are not taxable.

### E. Exemplification

Defendants initially sought $9,472.50 for the use of a trial technician to display documents and videotaped depositions at trial as well as $16,438.15 for charges relating to formatting the FleetMatics data, all as exemplification costs. In a Notice (D.E. 340) filed May 17, 2019, Defendants withdrew their request for the $16,438.15 FleetMatics-related charges. Thus the Court addresses only the request for the trial technician expenses.

Defendants claim that "the amount of timesheets alone would be extremely cumbersome to present to the jury without the assistance of the trial technician." Further, several of the representative Plaintiffs did not attend trial which required presenting videotaped depositions and this process was significantly streamlined by use of the trial technician. D.E. 335, p. 8.

Give the voluminous documents in this case, the Court finds that the use of a trial technician made presentation of the evidence during trial more orderly and expeditious. The Court will award technical support costs incurred during the trial. Court records indicate there were approximately 19 hours of trial time so the Court will award $2,565.00 (19 x $135).

F. **Subpoena**

Defendants initially sought $209.00 for the cost to subpoena a corporate representative of Verizon Telematics/FleetMatics to secure any remaining FleetMatics data. Plaintiffs objected to this item of costs because fees for private process servers are not allowed costs. Defendants withdrew this request. D.E. 335, pp. 4-5.

G. **Witness Fees**

Defendants seek $51.60 related to witness fees for Rebekkah Clark. Plaintiffs did not object to this fee so the Court will award this cost.

## CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART Defendants' Bill of Costs (D.E. 333) and ORDERS Plaintiffs to pay Defendants the following amounts within 30 days of the date of this Order:

| | |
|---|---|
| Depositions | $12,304.38 |
| Technical Support | $2,565.00 |
| Witness Fees | $51.60 |
| Total: | $14,920.98 |

ORDERED this 3rd day of June, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE