**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **JOSHUA EDWARDS**, *et al* | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.   2:15-CV-00299** |
| | § | **JURY DEMANDED** |
| | § | |
| **4JLJ, LLC d/b/a J4 OILFIELD** | § | |
| **SERVICES**, *et al* | § | |
| | § | |
| **Defendants** | § | |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' POST-REMAND APPLICATION
FOR ENTRY OF BILL OF COSTS AND REQUEST FOR REIMBURSEMENT OF
COSTS PREVIOUSLY PAID TO DEFENDANTS**

NOW COMES Plaintiffs Joshua Edwards, *et al* (hereinafter "Plaintiffs") and files this

their Objections to Defendants' Post-Remand Bill of Costs and Request for Reimbursement of

Costs Previously Paid to Defendants, and respectfully state as follows:

**I.  BACKGROUND**

On February 26, 2019, a jury found in favor of the 4JLJ Defendants, and this Court awarded

Defendants as the prevailing party $14,920.98 in court costs of $72,434.95 that Defendants were

seeking.  Plaintiffs filed a notice of appeal after this Court denied Plaintiffs' post trial motions in its

Order of May 20, 2019.  The appeals court initially found that Plaintiffs had proven their case as a

matter of law and reversed the jury verdict. **[Ex. "A"]** However, in a footnote the appeals court

stated that the Plaintiffs had filed their notice late, but that Defendants had waived the matter as they

had failed to properly brief the issue. **[Id. pg. 6]** Defendants then filed a petition for *en banc* review

claiming that jurisdiction cannot be waived.  The *en banc* court reversed the panel decision,

determining that this Court's final judgment impliedly dismissed all of Plaintiffs' post trial motions on March 27, 2019 (resulting in Plaintiffs' notice of appeal being filed late), despite this Court's statement to the contrary in its Order of May 20, 2019. **[Ex. "B"]**  The *en banc* opinion was issued without allowing or requesting a brief from Plaintiffs (*en banc* procedure does not allow a response unless one is requested by the court), and since Defendants never properly briefed the issue in their initial appeal brief, Plaintiffs were not afforded a chance to address the issue and point out that this Court had stated that it had not in fact intended to affect Plaintiffs' post-trial motions in it Final Judgment order of March 27, 2019 (arguably a statement of intent overcomes an implication).

Of particular importance to Defendants' current application for costs, Defendants appealed this Courts' prior Order awarding $14,920.98 in court costs to Defendants, arguing that by failing to award some of the costs sought by Defendants this Court had overstepped its authority by impermissibly stacking sanctions against Defendants' for the discovery abuses that Defendants engaged in throughout this protracted litigation.  The *en banc* court rejected such argument and in fact stated:

> **We reject this argument.  By denying 4JLJ some of the costs it would have otherwise been entitled to, the district court sought to ensure that the costs would not offset the monetary sanctions the court awarded to the Employees.  In light of its "superior understanding of the litigations," we find no basis to question the district court's decision to reduce these costs.**

Ex. "B" pg. 6.

By filing their Post-Remand Application for Entry of Bill of Costs, Defendants are once again seeking to offset the sanctions imposed upon them for their discovery abuses in this case.

## II.  LEGAL STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure states, "Unless . . . a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

Fed. R. Civ. P. 54(d)(1). While the rule grants the district court discretion to deny costs to a prevailing party, "the general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006).

In *Pacheco*, the court enumerated several illustrative reasons to justify withholding costs from a prevailing party, including: the losing party's good faith in its prosecution of the action; the losing party's limited financial resources; **misconduct by the prevailing party**; **close and difficult legal issues presented**; and substantial benefit conferred to the public. *Id*. at 794-95.

With regards to misconduct of the parties and costs, **the Fifth Circuit has gone beyond merely the denial of costs and has actually taxed costs against the prevailing party when the prevailing party used "repeated and abusive hardball tactics" and exhibited behavior that was "abusive of the trial process."** *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1990) (describing the prevailing party's misconduct **such as failure to produce documents during discovery**, violating an order to compel, **misleading the plaintiff**, and other "obfuscatory defense strategies"); see, e.g., *Madere v. Compass Bank,* No. A-10-CV-812 AWA, 2013 U.S. Dist. LEXIS 42131, 2013 WL 1291556, at *2 (W.D. Tex. Mar. 26, 2013) (taxing costs against the prevailing party because it failed to fully comply with discovery requests which necessitated ordering a second trial). The Fifth Circuit also upheld the denial of costs as a form of sanction. See *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) ("**[C]ounsel's improper conduct throughout the trial warranted requiring [the prevailing party] to pay their [own] costs**.")

The United States Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary.

*Cook Children's Med. Ctr. v. The N. Engl. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (internal quotation marks omitted). "Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920" and "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators," such that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012) (internal quotation marks omitted). In short, "taxable costs are limited by statute and are modest in scope." Id.

## II.  ARGUMENT

**A.    Defendants' motion for costs should be denied in its entirety, and costs previously awarded to Defendants should be reimbursed to Plaintiffs.**

### 1.      Plaintiffs' Good Faith in Prosecuting the Claim

There is no question that Plaintiffs' case was brought in good faith.  In fact, a panel of three appellate judges unanimously ruled that Plaintiffs had prevailed on their claims with regards to the Defendants' failure to properly pay overtime as a matter of law, and reversed the jury verdict. **[Ex. "A"]** Accordingly, the Plaintiffs were actually found to be the prevailing party by a unanimous panel of judges and therefore the Defendants were never entitled to costs in the first place.  The fact that the *en banc* court later determined that the notice of appeal was filed late does not change the fact that Plaintiffs prevailed at trial as a matter of law.

### 2.      Defendants' misconduct.

The Defendants' misconduct throughout this litigation has been well documented by this Court.  After reviewing the facts of this case and the Defendants' abusive litigation tactics, the *en banc* court determined that this Court's reduction of court costs to prevent the Defendants from offsetting costs awarded to Plaintiffs for Defendants' discovery abuse was well within this Court's

authority and appropriate. **[Ex. "B" pg. 6]** Accordingly, it would be perfectly within this Court's authority and appropriate to deny Defendants' Post-Remand Application for Entry of Bill of Costs to prevent the Defendants from further offsetting the sanctions previously awarded to Plaintiffs.

**B.     Objections to Defendants' Bill of Costs**

**1.     The requested costs include amounts for costs not expressly enumerated in 28 U.S.C.§ 1920.**

**(A)     D**efendants' claim for costs related to transcripts.

Defendants seek costs related to the trial transcript of the trial that was conducted in this case in the amount of $4,272.85, which includes expedited charges.  See Dkt. 333-4 pg. 16.  However, the Defendants did not order the trial transcript until March 10, 2019, 6 days after trial, and therefore did not, and could not have used such transcript in obtaining their erroneous jury verdict.  *Id.*  In *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983), the Fifth Circuit court held that "[t]o award the cost of daily transcripts, the court must find that they were not obtained primarily for the convenience of the parties but were necessarily obtained for use in this case." "Necessity" is a factual finding. *Id*. The fact that a transcript was used during trial can support such a finding but does not require it. *Marmillion v. American Int'l Ins. Co.*, 381 F. App'x 421, at 430 (5th Cir. 2010).  Additionally, the transcripts were ordered long before the notice of appeal was filed, and Defendants filed their own cross-appeals, which were ultimately unsuccessful.

The invoice provided by the Defendants to support their claim for costs does not specify what portion of the charge is for obtaining "expedited" transcriptions rather than typical transcriptions, and therefore leaves this Court to guess what the actual charges are for non-expedited transcripts. Furthermore, since Defendants prevailed at the appellate level on an issue that they did not even brief and lost on all other issues, including their own cross-appeals, it is particularly hard to justify

awarding any additional costs to Defendants based on the appeal.  Accordingly, such costs are objected to by Plaintiffs and should not be taxed against Plaintiffs pursuant to 28 U.S.C.§ 1920.

## CONCLUSION

For the foregoing reasons, the Plaintiffs pray that the Court completely deny Defendants' Post-Remand Application for Entry of Bill of Costs Costs due to Defendants' pervasive misconduct in litigating this case and their attempts to offset the sanctions that this Court imposed against them, and further Order that Defendants reimburse the costs in the amount of $14,920.98 previously paid to Defendants by Plaintiffs as Plaintiffs proved their case as a matter of law.  If, however, the court allows Defendant to recover costs, Plaintiffs requests that the court sustain Plaintiffs' objections and deny Defendants' claimed costs as discussed above.  Plaintiffs further request all other relief Plaintiffs may be entitled to both in equity and in law.

**DATED** this 29th day of October, 2020.

Respectfully submitted,

_____
James Moulton
State Bar No. 24007712
Moulton & Price, P.C.
109 SH 110 South
Whitehouse, Texas 75791
Ph:  903-871-3163
Fax: 903-705-6860

*ATTORNEY FOR PLAINTIFFS*

## **<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of the foregoing is being served on counsel for Defendants on the 29th of October, 2020.

_____

James Moulton