UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSHUA EDWARDS Individually and on Behalf of All Others Similarly Situated<br><br>    Plaintiff(s)<br><br>    v.<br><br>4JLJ, LLC DBA J4 OILFIELD SERVICES and JOHN JALUFKA<br><br>    Defendants. | §§§§§§§§§§§§§§ Docket No. 2:15-CV-00299<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**DEFENDANTS' RESPONSE IN SUPPORT OF THEIR
POST-REMAND APPLICATION FOR COSTS**

Plaintiffs' *Objections to Defendants' Post-Remand Application for Entry of Bill of Costs and Request for Reimbursement of Costs Previously Paid to Defendants* (Doc. 381, the "Objections") should be overruled for the reasons discussed herein.

**I.**

Federal Rule of Appellate Procedure 39(e)(2), Fifth Circuit precedent, and the mandate of the Fifth Circuit in this specific litigation entitle the 4JLJ Defendants to their costs on appeal. Yet Plaintiffs' Objections fail to rebut the application of, or even address, *any* of these considerations. Plaintiffs instead: (1) improperly brief the standard for taxing costs of *trial* court proceedings through Federal Rule of Civil Procedure 54(d), although Federal Rule of Appellate Procedure 39 controls taxation of *appellate* costs; (2) mischaracterize the dispositive effect of the Fifth Circuit's ruling and mandate in this matter; and (3) simply ignore the 4JLJ Defendants have substantiated the transcript costs requested in their *Post-Remand Application for Entry of Bill of*

1

*Costs*, (Doc. 380, the "Application"), were necessary for the appeal. Plaintiffs' misguided Objections should be overruled for reasons amplified below.

## II.

Federal Rule of Civil Procedure 54(d), and the considerations addressed in *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006) regarding taxation of costs under the Rule, have no bearing on the matters before this Court. *Cf.* (Objections, Doc. 381, Pages 2 of 7 – 4 of 7). Rule 54(d) addresses taxation of costs in favor of the "prevailing party" in *trial* court proceedings, and cases such as *Pacheco* stand only for the proposition a trial court has some discretion to deny or reduce Rule 54(d) costs if the trial court articulates "good reason for doing so." 448 F.3d at 794.

But the 4JLJ Defendants have not premised their Application on Rule 54(d) "prevailing party" principles, or the line of Fifth Circuit authority construing Rule 54(d); nor would it have been appropriate to have done so. In their Application, the 4JLJ Defendants indeed noted when this Court previously taxed certain Rule 54(d) costs, the Court differentiated between the operation of the Rule compared to the distinct standard for taxing appellate costs: "To the extent that Defendants justify the need for transcripts in the event of an appeal, that is a *separate matter* that may be considered by the appellate court at the conclusion of any appeal." (Application, Doc. 380, Page 2 of 5) (quoting Doc. 342, Page 7 of 11 – 8 of 11).

The Fifth Circuit has *now* considered whether the 4JLJ Defendants are entitled to appellate costs of the kind and ruled they are: "IT IS FURTHER ORDERED that [Plaintiffs] pay to [the 4JLJ Defendants] the costs of appeal . . . ." (Doc. 377, Page 2 of 2). A portion of those costs have been taxed by the clerk of the Fifth Circuit, (Doc. 379), but pursuant to Federal Rule of Appellate Procedure 39(e)(2), the costs for the "reporter's transcript . . . needed to determine the appeal . . ." must be taxed in this Court.

### III.

There is absolutely no authority for applying the *Pacheco* "factors" to deny, or even reduce, costs taxed pursuant to Rule 39(e)(2).  Fifth Circuit precedent could not be any more clear:

- "In general, Rule 39 'dictates that the disposition of the appeal *is* the deciding factor in the assessment of appellate costs.'"  *City of San Antonio v. Hotels.com, L.P.*, 959 F.3d 159, 164 (5th Cir. 2020) (quoting *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983)) (emphasis added).

- "As [the Cross-Appellant] points out, most *other* circuits to have considered this issue have held—or at least implied—that a district court retains discretion to deny or reduce a Rule 39(e) award . . . .  The problem for [the Cross-Appellant], however, is that our circuit adopted the *contrary* position almost three decades ago in [*In re Sioux Ltd., Sec. Litig.*, No. 87-6167, 1991 U.S. App. LEXIS 25550 (5th Cir. Mar. 4, 1991)], which remains *binding precedent*."  959 F.3d at 166 (emphasis added).

- "In [*In re Sioux Ltd.*] . . . we treated the mandate, which awarded appellants 'the costs on appeal to be taxed by the Clerk of this Court,' as a determination that appellants *were* 'the "party *entitled* to costs" in this case.' . . . .  Further, we recognized that the appellate mandate did *not* 'limit costs on appeal taxable in the district court.' . . .  Reasoning that '[a]bsent some limiting provision *in the mandate* from the court of appeals, the party entitled to costs in the court of appeals is entitled to costs in the district court under Rule 39(e),' we held that appellants were *entitled* to such costs. . . .  Indeed, we went even further.  Noting

3

that 'Rule 39(e) is *mandatory*,' we held '[t]he district court ha[d] *no discretion* whether, when, to what extent, or to which party to award costs of the appeal' and therefore erred by denying appellant's application . . . under Rule 39(e)." 959 F.3d at 166 – 67 (quoting *In re Sioux Ltd.*) (emphasis added).

- "*Sioux* remains binding precedent. Therefore, the district court correctly recognized that it *lacked* discretion to deny or reduce the . . . costs to which the [Cross-Appellees] were entitled under Rule 39." 959 F.3d at 167 (emphasis added).

**IV.**

The Fifth Circuit's ruling in *City of San Antonio v. Hotels.com, L.P.* (which is less than six months old) reaffirms decades-old precedent that a district court has "no discretion whether, when, to what extent, or to which party to award costs of the appeal . . . ." Plaintiffs nevertheless ignore this precedent entirely, making the demonstrably inaccurate declaration: "it would be perfectly within this Court's authority and appropriate to *deny* Defendants' Post-Remand Application for Entry of Bill of Costs . . . ." (Objections, Doc. 381, Page 5 of 7) (emphasis added). Yet they offer absolutely no support for this proposition, and there is none.

Indeed, even though it would be improper to disregard Fifth Circuit precedent that mandates taxation of the appellate costs, Plaintiffs in no event have proffered any sound rationale for doing so. Through Declaration testimony and a supporting invoice, *see* (Doc. 380-2), the 4JLJ Defendants have substantiated precisely how the transcripts for February 19, 2019; February 20, 2019; February 21, 2019; February 25, 2019; and February 26, 2019 trial proceedings were necessary for the appeal.

Yet Plaintiffs have made no attempt, at all, to rebut that showing. They instead proffer entirely misplaced arguments focused on the transcript costs' relation to the *trial* proceedings.

4

*Cf*. (Doc. 381, Page 2 of 7) (accusing the 4JLJ Defendants of "seeking to offset the sanctions imposed . . ." in relation to a discovery dispute during the *trial* proceedings); (*id*. at Page 4 of 7) (contending Plaintiffs' suit before *this* Court "was brought in good faith."); (*id*.) (alleging "misconduct" during the *trial* proceedings). Plaintiffs do so without regard to the independent necessity of the transcripts with respect to challenges *Plaintiffs* raised in the *appeal*.

Moreover, the Fifth Circuit did not qualify the 4JLJ Defendants' entitlement to appellate costs based on any of the considerations advanced by Plaintiffs, did not include any "limiting provision in the mandate" based on the considerations, and it is highly unlikely the Fifth Circuit in any event would have had authority to do so. The effect of Plaintiffs' un-timely appeal was the Fifth Circuit dismissed the appeal, (Doc. 378), which subjected the Fifth Circuit to the following constraint of Federal Rule of Appellate Procedure 39(a)(1): "if an appeal is dismissed, costs are taxed against the appellant . . . ."

It consequently is exceptionally inappropriate for Plaintiffs to not only advocate this Court deny or reduce costs in a manner the contravenes Fifth Circuit precedent, but to ignore not even the Fifth Circuit would have been authorized to deny or reduce costs on the bases Plaintiffs propose. And because Rule 39(a) dictates the Fifth Circuit was obligated to tax costs against Plaintiffs, it is specious for Plaintiffs to contend "Defendants were never entitled to costs in the first place." (Objections, Doc. 381, Page 4 of 7). Rule 39 dictates otherwise and the Fifth Circuit expressly held otherwise.[1]

---

[1] Plaintiffs also repeatedly suggest *their* failure to timely prefect the appeal somehow mitigates against taxation of appellate costs against them. They offer no support for this proposition, nor is there any sound basis for the proposition *Plaintiffs'* procedural misstep should operate to the detriment of the 4JLJ Defendants.

The 4JLJ Defendants otherwise note the improvident manner in which Plaintiffs characterize the proceedings in the Fifth Circuit. For instance, they contend the manner in which the 4JLJ Defendants raised Plaintiffs' timing defect somehow should serve as a mitigating factor. But the Fifth Circuit's ruling reflects otherwise, because after the

## V.

Plaintiffs finally make a spurious assertion challenging the amount of the transcript costs the 4JLJ Defendants request in the Application. According to Plaintiffs, the 4JLJ Defendants seek not only the cost of the transcripts—but "expedited charges." Plaintiffs have made no effort to substantiate this assertion.

As stated, the 4JLJ Defendants seek costs for the February 19, 2019; February 20, 2019; February 21, 2019; February 25, 2019; and February 26, 2019 trial transcripts. Exhibit B-1 to their Application is the invoice for those transcripts. *See* (Doc. 380-2, Page 8 of 8).

That invoice nowhere reflects "expedited charges" or a "daily" transcription fee. *Cf.* (Objections, Doc. 381, Page 5 of 7). Indeed, Plaintiffs inexplicably cite a set of invoices found at docket entry 333-4 (as opposed to the 4JLJ Defendants' Exhibit) and in so doing, it appears Plaintiffs are referring to the *wrong* set of invoices.

For instance, an invoice at docket entry 333-4, Page 18 of 24, reflects the court reporting agency charged a "Rate" of $6.05 per page for a "daily" transcription of a April 10, 2017 hearing, but that is *not* a transcript identified in the 4JLJ Defendants' Application, because the 4JLJ Defendants do not seek Rule 39(e)(2) costs for *that* transcript. And more important,

---

Fifth Circuit acknowledged the 4JLJ Defendants at minimum "flagged" the defect during oral argument before the court, the Fifth Circuit made the even more salient observation: "since ensuring our jurisdiction is ultimately our responsibility, we must eat a bit of jurisdictional crow. But as Justice Frankfurter elegantly put it, 'Wisdom too often never comes, and so one ought not to reject it merely because it comes late.'" *Edwards v. 4JLJ, L.L.C.*, 976 F.3d 463, n.2 (5th Cir. 2020) (quoting *Henslee v. Union Planters Nat'l Bank & Trust Co.*, 335 U.S. 595, 600, 69 S. Ct. 290, 93 L. Ed. 259, 1949-1 C.B. 223 (1949) (Frankfurter, J., dissenting)). As originally "flagged," or otherwise, Plaintiffs should have raised its concerns regarding the Fifth Circuit's assessment of its jurisdiction with the Fifth Circuit. It is too late for Plaintiffs to now attempt to circumvent the effect of the ruling through arguments directed to this Court. And it is frankly troubling Plaintiffs compound that misstep by inaccurately stating the 4JLJ Defendants "lost on all other issues" addressed in a now superseded ruling, *cf.* (Objections, Doc. 381, Page 5 of 7), because that ruling has no legal effect, and in any event, the superseded ruling reflects the 4JLJ Defendants *prevailed* on discrete legal issues <u>and</u> with respect to *two* jury findings.

whereas $6.05 per page appears to be the cost the court reporting agency charged for "daily" transcripts, the costs for the February 19, 2019; February 20, 2019; February 21, 2019; February 25, 2019; and February 26, 2019 transcripts was only $4.85 per page.  There consequently is no basis for Plaintiffs to contend the transcripts were subject to "expedited charges," and the 4JLJ Defendants cannot discern why Plaintiffs contend charges of the kind are included in the costs the 4JLJ Defendants seek to have taxed pursuant to Rule 39(e)(2).

WHEREFORE, defendants 4JLJ, LLC and John Jalufka respectfully request the Court grant their *Post-Remand Motion for Entry of Bill of Costs* and tax **$4,272.85** in costs against Plaintiffs pursuant to the Fifth Circuit's mandate and Federal Rules of Appellate Procedure 39(e)(2).

Respectfully Submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Nolan C. Knight*
    Daniel D. Pipitone[*]
    Texas Bar No. 16024600
    700 Milam Street, Suite 2700
    Houston, Texas 77002
    Tel:  713-222-4060
    Fax:  713-222-5813
    dpipitone@munsch.com

**ATTORNEY FOR DEFENDANTS**

**OF COUNSEL:**

**Munsch Hart Kopf & Harr, P.C.**
700 Milam Street, Suite 2700
Houston, Texas 77002

**Michael A. Harvey**
Texas Bar No. 24058352
SD Texas Bar No. 917759
700 Milam Street, Suite 2700
Houston, Texas 77002
Tel: (713) 222-4015
Fax: (713) 222-5835
mharvey@munsch.com

**Munsch Hart Kopf & Harr, P.C.**
3800 Lincoln Plaza
500 North Akard
Dallas, Texas 75201

**Nolan C. Knight**
Texas Bar No. 24027125
SD Texas Bar No. 875454
3800 Lincoln Plaza
500 North Akard
Dallas, Texas 75201
Tel: (214) 855-7500
Fax: (214) 855-7584
nknight@munsch.com

---

[*] Attorney in Charge

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing has been served on counsel of record by means of ECF this 5th day of November 2020:

James Moulton
MOULTON & PRICE, P.C.
109 SH 110 South
Whitehouse, Texas 75791
**ATTORNEY FOR PLAINTIFFS**

                                                    */s/ Nolan C. Knight*