United States District Court
Southern District of Texas

**ENTERED**

July 27, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA  EDWARDS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-299 |
| | § | |
| 4JLJ, LLC; dba J4 OILFIELD SERVICES, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON BILL OF COSTS (D.E. 380)

Before the Court is Defendants' Bill of Costs (D.E. 380), based on Federal Rule of Appellate Procedure 39(e), seeking costs for trial transcripts used on appeal.[1]  Plaintiffs have filed their objections (D.E. 381), to which Defendants responded (D.E. 382).  For the reasons set out below, the Court DENIES the Bill of Costs.

**Standard of Review**.  This is a post-appeal request for appellate costs that are to be taxed by the district court under the terms of Federal Rule of Appellate Procedure 39(e).  While this matter has been pending, the United States Supreme Court issued a unanimous opinion holding that Rule 39(e) does not grant this Court discretion to assign or apportion costs in a manner contrary to the default provisions of Rule 39(a) or the Fifth Circuit's mandate.  *City of San Antonio, Tex. v. Hotels.com, L.P.*, No. 20-334, at *1, 5, 10 (U.S. May 27, 2021).  The only discretion with respect to appellate costs rests with the

---

[1]   The Court previously awarded Defendants certain costs of trial.  D.E. 342.  And the Clerk of the Fifth Circuit entered the bill of costs awarded by the Fifth Circuit on appeal and taxable in that Court.  D.E. 379 (taxed on October 29, 2020).  Those cost bills are not at issue here.

appellate court; the trial court's discretion is limited to taxable trial court costs under Rule 54(d)—an issue apart from the current request. *Id*. at * 7.

As the Fifth Circuit's judgment reflects, the judgment of this Court was affirmed in part and the appeal was dismissed in part. D.E. 377. Under the default rules, when an appeal is dismissed or a judgment is affirmed, costs for appeal are taxed against the appellant, Plaintiffs here, unless the parties agree otherwise or the court of appeals mandates otherwise. Rule 39(a)(1), (2). There is no indication that the parties entered into an agreement regarding costs. And the Fifth Circuit did not allocate costs contrary to the default rules, instead noting that costs were to be taxed against appellants. D.E. 377.

Consequently, there are only two inquiries for this Court relevant to the transcript costs requested here: (1) whether the transcripts were "needed for appeal" (Rule 39(e)(2)); and (2) whether the amount requested is supported by evidence showing that each item to be taxed is correct, was necessarily incurred, and was actually and necessarily performed (28 U.S.C. § 1924). *Hotels.com,* No. 20-334, at *12. Both inquiries must be satisfied in favor of Defendants before taxing the costs. *Id*. Here, the requested costs are proper under the first inquiry, but not under the second inquiry. So the request fails.

**Needed for Appeal**. Plaintiffs argued that Defendants' success on appeal was based solely on the timing of the notice of appeal. In all other respects, Plaintiffs—not Defendants—had prevailed on the merits according to the initial panel opinion (now vacated). And the timing issue, alone, did not require any transcripts. This argument

overlooks the fact that Defendants needed the transcripts to defend against Plaintiffs' appeal.

Plaintiffs have not offered any authority that limits costs to only those contributing to issues on which appellate success was achieved. Rather, they must have been necessary to the litigation of the appeal, generally. An inquiry as to what costs had an impact on the Fifth Circuit's analysis is outside this Court's purview, as made clear by Rule 39(a)'s determination of costs based on overall result. Defendants' affidavit is sufficient to show that the transcripts were necessary for the appeal in order to address Plaintiffs' issues as well as their own. This objection is OVERRULED.

**Correct and Necessarily Incurred**. Plaintiffs argue that the amount charged in the invoice for transcripts includes charges for expedited responses that were not necessarily incurred and are not properly itemized so that they can be excluded from any award. *See Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991) (charges for expedited work merely for the convenience of a party are not taxable). As proof, Plaintiffs reference Defendants' request for trial costs, showing charges for certain expedited transcription requests. *See* D.E. 333-4. As Defendants have pointed out, where charges for expedited requests clearly showed up on some of the invoices filed at that time, the relevant invoices were for transcription of matters other than the trial, such as depositions and pretrial proceedings. Thus, Defendants are correct that those invoices do not controvert the current request regarding trial transcripts.

However, Defendants' transcript request for the trial dates does reflect that the request included expedited handling. D.E. 315. Defendants have not supplied any

evidence that (a) the court reporter did not expedite turnaround as requested, (b) the court reporter did not charge for expediting the request, or (c) the expedited request was a matter of necessity rather than convenience.   Instead, Defendants state in their briefing that the invoice does not show charges for expediting the request—a matter readily observable but not dispositive of the question raised by Defendant's request for expedited transcripts.   They suggest that if they had been invoiced for an expedited request, the price would have been higher, based on charges in other circumstances.   That suggestion is neither evidentiary nor convincing.

It is Defendants' burden, as the parties seeking taxable costs, to supply evidence to support the accuracy of the request.   28 U.S.C. § 1924; *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).   They have not satisfied this burden.   The Court SUSTAINS the second objection.

**Plaintiffs' Requests for Additional Relief**.   Plaintiffs further requested that this Court exercise discretion and grant them additional relief.   They complain of Defendants' abusive trial tactics.   And they also complain that the Fifth Circuit dismissed the appeal without first giving them an opportunity to be heard on the issue of timeliness.   They complain that they might have prevailed on appeal because Defendants did not disclose all relevant matters in the record with respect to timeliness and they had already received a favorable, but now vacated, opinion on the merits.   These objections are OVERRULED

as being outside the scope of this inquiry and the standard of review afforded to this Court.[2]

For these reasons, the Court DENIES Defendants' bill of costs (D.E. 380).

ORDERED this 27th day of July, 2021.

_NELVA GONZALES RAMOS_

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[2]   Under the mandate rule, which is a corollary of the law of the case doctrine, this Court is ordinarily bound by the determination of the Fifth Circuit. *Gulf Coast Bldg. & Supply Co. v. Int'l Broth. of Elec. Workers, Local No. 480, AFL-CIO*, 460 F.2d 105, 107 (5th Cir. 1972). However, the Fifth Circuit has recognized exceptions to the mandate rule, writing:

> Despite its importance, the mandate rule is a discretionary device and not immutable. Three exceptions to the imposition of this rule are recognized: (1) Introduction of evidence at a subsequent trial that is substantially different; (2) an intervening change in controlling authority; and (3) a determination that the earlier decision was clearly erroneous and would work a manifest injustice.

*United States v. Pineiro*, 470 F.3d 200, 205–06 (5th Cir. 2006) (footnotes omitted); *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019). Plaintiffs have not requested that this Court exceed the mandate and have not briefed the matter under the scope and standard of review applicable to such action. *See Hopwood v. Texas*, 236 F.3d 256, 272–73 (5th Cir. 2000) (doubts or disagreements are not enough; the decision must be "dead wrong"). Therefore, this Court does not consider whether the circumstances of this case would justify exceeding the mandate and awarding Plaintiffs any relief with respect to the merits or the award of costs.